Dear Mayor Laughlin:
This office is in receipt of the request for an opinion of the Attorney General by the town attorney for the Town of Elton, Roderick G. Bertrand, in regard to use of a town building for a church group to hold Bible studies. He has indicated the building is used by local civic groups such as boy scouts and senior citizens who pay a rental fee and deposit to insure clean up. He points out the group in question has no secular purpose, does not have a church within the corporate limits, and the pastor does not reside within the corporate limits. In accordance with these facts he asks we send you a reply to the following questions:
 1. Is it a violation of separation of church and state to allow a group to use the building for strictly church purposes;
 2. Is it permissible to let a non-resident use a town supported building; and
 3. Can the building be used on a first come, first serve basis on a regular basis?
In response to your first question we find in Atty. Gen. Op. 02-363 this office received a request for an opinion regarding the rental of the Parish School Board football stadium for an after school hours religious function. It was noted that the religious organization had agreed to pay the rental fee if permitted to use the facility, but the School Board was concerned that the renting of the stadium to a religious organization might pose a legal problem.
This office stated there were no statutes that prohibit the school board from entering into such an arrangement with a religious organization, and this result was consistent with previous opinions issued by this office, citing Atty. Gen. Op 00-340.
In the latter opinion it was opined that the City of Covington could contract for the non-exclusive use of city owned property to a church. It was pointed out that the property was used as a multi-purpose/multi-agency community center and they wished to lease a portion to the Baptist Church of Covington for Wednesday evenings and Sunday church services. It was concluded the School Board may rent the stadium to a religious organization noting that the Board had already adopted a policy that sets forth a fee schedule for organizations wishing to rent the stadium, and had an express commitment not to treat a religious organization any differently than any secular organization.
Following this earlier reasoning, we would conclude it is not a violation of separation of church and state to allow a group to use a Town building for church purposes if the fee as established for any organization wishing to use the facility is set and applied.
In regard to your remaining questions, we also find no prohibition in permitting a non-resident use of the town building when the rental fee is uniformly paid by those seeking the rental, and it would appear to be most reasonable to allow use of the building on a first come, first serve basis so as not to be biased.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY:________________________ BARBARA B. RUTLEDGE Assistant Attorney General RPI/bbr
Date Released: July 22, 2003